STATE OF MISSOURI *ex rel.* JOHN McNEIL, Sheriff of St. Louis County, Relator, *v.* THE ST. LOUIS COUNTY COURT, Respondent.

1. *County Auditor — Claim against County, how allowed.*— No authority is. conferred upon the county auditor, in any case, to draw a warrant upon the county treasury; nor is his opinion conclusive to the court upon the correctness of any claim against the county. All warrants upon the treasury must be ordered by the court itself.

2. *Account for Services, etc., how allowed against Circuit Court.—Construction of Statute.*— An account for services in attending the Circuit Court of St. Louis county, and for stationery furnished thereto, should be audited and allowed by the Circuit Court, under the provisions of the general law relating to this subject. (Gen. Stat. 1865, p. 540, §§ 41–2.) The special law relating to county auditor (Adj. Sess. Acts, 1859, p. 448) has no application to claims. of this character.

*Appeal from St. Louis Circuit Court.*

*Harding & Crane,* for relator.

I. The statute constitutes the Circuit Court the tribunal which is to determine the correctness of the accounts of the officers who are charged with furnishing stationery, fuel, attendance, etc., required for the use of the court. (Gen. Stat. 1865, p. 540, §§ 41, 42.)

II. The action of the Circuit Court must of necessity be final. If not, the County Court, an inferior tribunal, may annul or reverse the action of the superior court, viz: the Circuit Court.

III. The County Court has charge of the funds of the county, and has to pay the debts incurred by it. The claim in this case is one of their debts, which has already been proved, allowed, and audited by the court designated to perform that duty.

IV. The act respecting the county commissioners (Adj. Sess.

Acts 1859, p. 448; see laws applicable to St. Louis county, p. 46, §§ 23–4) does not make it the duty of the auditor to audit accounts of this nature; and if it did, it is modified or repealed in respect to such demands by the General Statutes.

*Kehr*, for respondent.

Respondent bases its action upon sections 23, 34–38 of "An act concerning the county of St. Louis," approved March 14, 1859. (Laws applicable to St. Louis county, p. 46.) Gen. Stat. of 1865, chap. 133, p. 540, §§ 41–2, must be regarded as modified by this act when applied to St. Louis county.

I. Although section 42 authorizes the Circuit Court to " adjust the account" and "certify the same for payment," there is nothing in the language employed to prohibit an account thus audited from being subjected to the same process of adjustment which applies to other demands against the county. The fact of its being audited may be regarded as evidence to be submitted to the auditor to enable him to recommend the claim in his periodical report, and thus full force may be given to both laws.

II. The act of March 14, 1859, is not repealed by Gen. Stat. 1865, because: 1. Sections 41–2, chap. 133, do not operate as an original act of 1865; but, being merely reprints of §§ 71–2, p. 543, R. C. 1855, simply continued in force in the revision of 1865, their existence dates back to their first enactment. The mind of the legislature was therefore especially directed to the general law when the special law was enacted, and the revision of 1865 cannot be held to repeal the special act. (City and County of St. Louis v. Alexander, 23 Mo. 509 ; State *ex rel.* Vastine v. Judge of St. Louis Prob. Ct., 38 Mo. 534.) 2. Chap. 224, p. 883, § 6, continues the special act in force, because there is nothing in the latter act inconsistent with or repugnant to the general law of 1865. The question how far a private, local, or temporary act is affected by a subsequent general law, has been fully and elaborately examined by the court in the cases of Deters v. Renick, 37 Mo. 597 ; State *ex rel.* Vastine v. Judge St. Louis Prob. Ct., 38 Mo. 529 ; State *ex rel.* Mo. & Miss. R.R. Co. v. County Court of Macon County, 41 Mo. 453.

III. The act concerning courts (Gen. Stat. 1865, p. 540, § 41) must be held to be, in its feature respecting the auditing by the Circuit Court of the accounts therein referred to, inapplicable to St. Louis county. The County Court, by the act of March 14, 1859, was expressly inhibited from acting upon or considering any demand whatever against the county, unless the same were first presented, with the evidence in its favor, to the auditor of St. Louis county.

FAGG, Judge, delivered the opinion of the court.

The application of the relator shows a refusal on the part of the respondent to draw a warrant on the St. Louis county treasury for the amount of an account duly certified for payment by the Circuit Court.

The facts stated in the application for the rule are not denied by the answer.

The cause shown by respondent against issuing the peremptory writ is simply a denial of the authority of the Circuit Court to audit any claims whatever against the county, and an allegation to the effect that that duty can alone be performed by the auditor of the county.

The case is to be considered upon a demurrer to the return. The items in the account were for days' services in attending the Circuit Court and for stationery furnished, amounting altogether to the sum of $97.25.

The office of county auditor does not exist in this State except by virtue of special legislative enactment. It seems to have been created in the county of St. Louis by an act of the legislature, approved March 14, 1859, entitled "An act concerning the county of St. Louis." (Adj. Sess. Acts 1859, p. 448.) Section 23 of this act is as follows: "The auditor of St. Louis county shall be the general accountant of said county, and the keeper of all public account books, accounts, contracts, vouchers, documents, official bonds, and all papers relating to the accounts and contracts of said county and its revenue debt and fiscal affairs not herein required to be kept by some other persons."

In addition to those specifically enumerated in this statute, he

## MARCH TERM, 1868.     499

State of Missouri ex rel. McNeil v. St. Louis Co. Ct.

is required to perform the same duties imposed upon the clerk of the St. Louis County Court by an act of the legislature, approved November 20, 1867. Taken altogether, it would seem to have been the intention to create an office in which the proper books and accounts should be kept and the vouchers preserved, so that the true financial condition of the county, together with its liabilities and expenditures, could be ascertained at any moment. The information to be furnished by this office is not exclusively for the benefit of the County Court. The books are directed to be kept open to the inspection of the public, and to that extent are a check upon the action of the County Court as to all matters properly belonging to the office. The auditor is especially required to report at each session of the court all claims against the county upon which he may have acted since its last session, together with his opinion briefly expressed upon the merits of each. No authority is conferred upon him, in any case, to draw a warrant upon the county treasury, nor is his opinion conclusive upon the court as to the correctness of any such claim. On the contrary, all warrants upon the treasury must be ordered by the court itself, thus giving to that body power to allow and pay the amount of a claim, notwithstanding the objections of the auditor.

A quarterly statement of the fiscal affairs of the county is required to be published by the auditor; and in all cases where an adverse report is made by that officer, and the claim is nevertheless allowed by the court, that fact is to be noted, together with his reasons for its rejection.

The true spirit and intent of the whole act, then, seems to be to guard against corruption in the allowance and payment of claims against the county, in all cases where the County Court is authorized to pass upon their correctness, and to place the facts within reach of the public. It is contended, on the part of the respondent, that this special law is broad enough to embrace every class of claims against the county; that its provisions are so inconsistent with and repugnant to the general law requiring accounts like this one to be audited and allowed by the Circuit Court that the latter must be held inoperative as to St. Louis county. We cannot concur in that opinion. The object of this

special law, and the reasons operating upon the minds of the legislators in framing its provisions, have no application to claims of this character. The general law directs all such accounts to be audited, adjusted, and certified for payment by the court in which the services are rendered and the articles furnished. Such tribunal is presumed to have the means of determining almost with positive certainty as to the correctness of the items of such an account. What necessity can be shown for requiring a claim thus audited and allowed to undergo an examination by the auditor? It will not be pretended that a claim for similar services in the County Court itself would have to pass through the hands, of the same officer before the County Court would be authorized to order a warrant for its payment.

There appears to be just as much reason for the requirement in the one case as in the other. We conclude, therefore, that it was not intended by this special law to deprive the Circuit Court of the power conferred by the general statute to pass upon the correctness of the accounts of its officers and servants.

There is nothing repugnant in the provisions of the two statutes, and the general law is as applicable to St. Louis in such cases as to any other portion of the State.

The demurrer will be sustained and a peremptory mandamus awarded. The other judges concur.